STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-18-31

MAINE STATE HOUSING AUTHORITY, )
                                        )
                 Plaintiff,          )
                                          )
v.                                             )
                                          )
RICHARD E. KYLE,              )
                                          )
                 Defendant.       )

**CONSENT JUDGEMENT OF
FORECLOSURE AND SALE
AND WAIVER OF REDEMPTION
PERIOD**

**Title to Real Estate Involved**

**Title to 7 Cold Springs Road, Casco, Maine is Involved**
**Mortgage Recorded in the Cumberland County Registry of Deeds at Book 30973, Page 236**

Plaintiff, Maine State Housing Authority ("Plaintiff" or "MaineHousing") and Richard E.

Kyle ("Defendant") (Plaintiff and Defendant shall hereinafter be referred together as the

"Parties"), hereby consent to the entry of judgment in the above-captioned action, ~~and the Court~~ *The parties*

*agree as follows:* ~~finds pursuant to M.R. Civ. P. 54(b) and certifies pursuant to 14 M.R.S.A. § 2401(3) as follows:~~

    1.    That the record indicates the following Parties and Counsel of Record:

|  PARTY | | COUNSEL |
|---|---|---|
| Plaintiff: | Maine State Housing Authority<br>353 Water Street<br>Augusta, ME 04330 | Julianne C. Ray, Esq.<br>Perkins Thompson, P.A.<br>P.O. Box 426<br>Portland, ME 04112-0426 |
| Defendant. | Richard E. Kyle<br>Rumford Community Home<br>11 John F. Kennedy Lane<br>Rumford, ME 04276 | None of record |

{P1487129 1}

*and the court finds*                    NM

2.     The Parties hereby acknowledge and agree that Defendant has received notice of the proceedings in this action and that the notice was given in accordance with the applicable provisions of the Maine Rules of Civil Procedure;

3.     The Parties agree that venue is properly laid in this Court;

4.     Defendant further hereby acknowledges and agrees that, although mediation was available, he did not participate in foreclosure mediation;

5.     The Parties agree that Defendant is in default under the terms of a certain Note and Mortgage held by Plaintiff dated August 23, 2013 (the "Note"), and acknowledge and agree that in full compliance with 14 M.R.S.A. § 6111, as amended, on or about September 22, 2017, Plaintiff's agent notified Defendant by letter sent via U.S. Mail with Certificate of Mailing that the Note was in default and demanded cure of the default;

6.     The Parties further agree and acknowledge that Plaintiff holds a Mortgage on real estate located at 7 Cold Springs Road, in the Town of Casco, County of Cumberland, and State of Maine, to secure the Note, which Mortgage is recorded in the Cumberland County Registry of Deeds in Book 30973, Page 236; the legal description of the mortgaged property contained in said Mortgage is incorporated herein by reference; the Mortgage was assigned to Plaintiff by instrument recorded in Book 31049, Page 83;

7.     Defendant irrevocably consents to the entry of Judgment of Foreclosure and Sale as requested in Plaintiff's January 26, 2018 Complaint, as such judgment is modified herein, with respect to the real property described in the Mortgage;

8.     The Parties agree that, as of March 6, 2018 (unless otherwise noted), Plaintiff is owed the following amounts on the Note and Mortgage:

| a. | principal balance: | $71,551.07 |
| b. | deficit in escrow account: | $928.58 |
| c. | accrued interest through March 6, 2018: | $2,823.09 |
| d. | attorneys' fees and costs through March 9, 2018: | $2,032.39 |
| e. | property preservation: | $1,065.00 |
| | SUBTOTAL: | $78,400.13 |

f.      additional reasonable attorneys' and paralegal fees and expenses incurred by Plaintiff in preparing for and attending the hearing (if necessary); drafting a letter regarding the period of redemption; obtaining and recording Clerk's Certification regarding appeal; drafting redemption documents or obtaining a Writ of Possession and preparing for and conducting the foreclosure sale; filing and supporting a Report to Court; in obtaining relief from automatic stay in any subsequent proceeding in U.S. Bankruptcy Court; and in pursuing collection of any deficiency judgment to the extent it is not discharged in bankruptcy;

g.      additional interest accruing on said principal balance from and including March 7, 2018, at the rate of 4.24%;

h.      any amounts advanced by Plaintiff to protect its mortgage security;

9.      The Parties agree and acknowledge that the order of priority and the amount of the claim of each party appearing and proving its claim against the proceeds of sale, after payment of expenses of sale, is as follows:

a.      Plaintiff Maine State Housing Authority: $78,400.13, plus accrued interest at the Note rate of 4.24%, from and including March 7, 2018, to the date of entry of judgment, plus interest after judgment at ~~7.70~~ 7.76% (the appropriate rate pursuant to 14 M.R.S.A. §1602-C because the Note rate is less than ~~7.70~~ 7.76%, the weekly average one-year United States Treasury bill rate as published by the Board of Governors of the Federal Reserve System for the last full week of 2017, plus 6%); and

b.      Defendant: any excess proceeds from sale, pursuant to 14 M.R.S.A. § 6324;

10.     The Parties agree that Plaintiff's claim for attorneys' fees is not integral to the relief

sought, within the meaning of M.R. Civ. P. 54(b)(2); and

11.    The Parties agree that there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for attorneys' fees incurred by Plaintiff after March 9, 2018, for the following reasons: (a) if judgment is granted, but not entered as final, the time periods set forth in 14 M.R.S.A §§ 6322 and 6323 will commence even though the judgment is subject to later revision; (b) Plaintiff and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and (c) any dispute regarding attorneys' fees incurred by Plaintiff after March 9, 2018, may be resolved by Defendant filing a motion contesting Plaintiff's Report of Public Sale as provided in 14 M.R.S.A. § 6324;

12.    The Parties agree that if Defendant, his heirs or assigns, do not pay the Plaintiff the amounts adjudged to be due to Plaintiff in paragraph 8 above upon entry of this Order, Plaintiff (through its agents or attorneys) shall, unless it elects to allow Defendant to cure and reinstate, proceed with a sale of the real estate described in the mortgage deed recorded in the Cumberland County Registry of Deeds in Book 30973, Page 236, pursuant to 14 M.R.S.A. §§ 6321-6324, free and clear of all liens, except liens senior to Plaintiff's Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the priority order and amounts set forth in paragraph 9 above. If Defendant, his heirs or assigns pay to Plaintiff the sum adjudged to be due to Plaintiff in paragraph 9 upon entry of this Order, then Plaintiff shall forthwith discharge the Mortgage and file a dismissal of the action for foreclosure with the Clerk of the Court;

13.    The Parties further irrevocably waive any right to appeal this Consent Judgment, and agree that this Consent Judgment shall become final immediately upon entry by the Court, and that, Plaintiff shall be entitled, at its option, without further hearing to take exclusive

possession of the real estate described in Plaintiff's Mortgage, and a writ of possession shall then issue forthwith upon Plaintiff's request;

14.   Defendant further acknowledges and irrevocably agrees that upon entry of this Order, at Plaintiff's option, a writ of possession shall issue, and that Defendant has then lost all rights in the mortgaged property, and all persons claiming under them must vacate the premises, including all personal property, on or before midnight of the following day;

15.   The Parties further hereby acknowledge that they have reviewed this Consent Judgment and fully considered their options in this action;

16.   Plaintiff warrants that it owns the subject Mortgage and Note and that it has not sold, assigned or otherwise transferred the subject Note and Mortgage;

17.   The Parties agree that the Clerk shall enter the following in the docket:

"Consent Judgment of Foreclosure and Sale entered for the Plaintiff as a final judgment except for attorneys' fees incurred after March 9, 2018.  Said Order is incorporated in the docket by reference.  This entry is made in accordance with M.R. Civ. P. 79(a) at the specific direction of the Court."

Dated at _Portland_, Maine, this _29th_ day of _March_ , 2018.

_____
Justice, Maine Superior Court

Date Order Entered on the Court's Docket: _Apr. 2, 2018_

I hereby certify that the applicable appeal period expired without action on _____.

_____
CLERK, CUMBERLAND COUNTY SUPERIOR COURT

Dated at Portland, Maine, this 21st day of March, 2018.

Julianne C. Ray, Esq., Bar No. 3886
Attorney for Plaintiff, Maine State Housing
Authority

STATE OF MAINE
COUNTY OF CUMBERLAND

March 21, 2018

Then personally appeared the above-named Julianne C. Ray in her capacity as Attorney for Maine State Housing Authority and acknowledged the foregoing instrument to be her free act and deed in her said capacity and the free act of deed of said Maine State Housing Authority.

Before me,

Notary Public/Attorney at Law

AMANDA L. ROBERTSHAW
Notary Public - Maine
My Commission Expires
July 12, 2023

Dated at _Rumford_____, Maine, this _15_ day of _March_____ 2018.

_~~Richard E. Kyle~~_____
Richard E. Kyle

STATE OF MAINE
COUNTY OF OXFORD, SS.                    _March 15_____, 2018

    Personally appeared the above-named Richard E. Kyle and made oath that he has read the foregoing Consent Judgment of Foreclosure and Sale and acknowledged that this Consent Judgment to be his free act and deed.

Before me,

_Georgette J. Hodgson_ / Notary_____
Notary Public/Attorney at Law

_Georgette J. Hodgson_____
Typed or Printed Name
My Commission expires: _1/2/2020_